IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ST. JOHN'S UNITED CHURCH OF CHRIST, an Illinois not-for-profit corporation; HELEN RUNGE; SHIRLEY STEELE; REST HAVEN CEMETERY ASSOCIATION, an Illinois not-for-profit corporation; ROBERT PLACEK; LEROY H. HEINRICH; VILLAGE OF BENSENVILLE, ILLINOIS, an Illinois municipal corporation; ROXANNE MITCHELL; and the VILLAGE OF ELK GROVE, ILLINOIS, an Illinois municipal corporation, <br><br> Plaintiffs, <br><br> v. <br><br> THE CITY OF CHICAGO, an Illinois municipal corporation; RICHARD M. DALEY, Mayor of the City of Chicago; FEDERAL AVIATION ADMINISTRATION; MARION C. BLAKEY, Administrator of the Federal Aviation Administration; the STATE OF ILLINOIS; and ROD R. BLAGOJEVICH, Governor of the State of Illinois. <br><br> Defendant. | No. 03 C 3726 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

As a result of the fast-moving events related to this case, this Court ordered a status hearing today to consider the impact of certain actions taken by the Federal Aviation Administration (the "FAA") and the response by several of the parties in this action, especially in the proceedings in the Court of Appeals for the D.C. Circuit. To facilitate the discussion, this

-1-

memorandum opinion is issued to set forth this Court's tentative analysis of how these events affect this case and to invite responses from the parties. Procedurally, this Court will issue a rule to show cause why the actions described in this memorandum (dismissal of certain parties and certain counts) should not be taken. All parties shall have until October 26, 2005, to respond in writing to the issues raised herein.

As background, it is important to bear in mind the structure of the twenty-one count amended complaint filed in this Court on June 19, 2003. The complaint was filed by two sets of plaintiffs. The first set consists of St. John's United Church of Christ and two St. John's parishioners named Helen Runge and Shirley Steele (collectively referred to as the "St. John's Plaintiffs"), as well as Rest Haven Cemetery Association and two Rest Haven Association Directors named Robert Placek and Leroy Heinrich (collectively referred to as the "Rest Haven Plaintiffs"). The other set of plaintiffs–the "Municipal Plaintiffs"–consists of the Village of Elk Grove, the Village of Bensenville, and homeowner Roxanne Mitchell. The distinction between the two sets is important because only the St. John's Plaintiffs appear to have any live claims before this Court at this time.

Plaintiffs filed suit against three sets of defendants: Mayor Daley and the City of Chicago, the key drivers of the O'Hare Modernization Project (the "OMP"); FAA Administrator Marion Blakey and the FAA; and Governor Blagojevich and the State of Illinois. All claims against the State Defendants were dismissed on March 29, 2005, on Eleventh Amendment grounds. Mayor Daley can be dismissed because instituting suit against both Mayor Daley in his official capacity and the City of Chicago is redundant. It appears that the claims against the FAA are moot. The only proper defendant, then, appears to be the City of Chicago.

Because many of the counts in the complaint are parallel counts—for example, Count IV is a Free Exercise claim brought by St. John's Plaintiffs and Count V is the identical claim brought by Rest Haven Plaintiffs—the complaint can be trimmed down significantly by dismissing everyone but the St. John's Plaintiffs and the City of Chicago.

Because many of the counts in the complaint were drafted with the goal of keeping the City and Daley from acquiring any land in Elk Grove and Bensenville before the FAA issued its Final Environmental Impact Statement ("EIS") and Record of Decision ("ROD") on the OMP, the complaint can also be trimmed down by removing those counts that are now moot on the basis of recent FAA action.

According to a filing submitted by certain Plaintiffs' in the D.C. Circuit, it appears that the FAA issued its final EIS in July 2005, and issued a ROD approving the Airport Layout Plan (the "ALP") on September 30, 2005.

That same day, the St. John's Plaintiffs and the Municipal Plaintiffs filed three motions in the D.C. Circuit: a petition for review of the FAA decision, an emergency motion for a stay pending appeal, and a motion for administrative stay pending resolution of Petitioners' motion for a stay pending appeal. The City of Chicago filed an unopposed motion to intervene. That day, in a per curiam decision, the D.C. Circuit granted the motion for administrative stay in order "to give the court sufficient opportunity to consider the merits of the emergency motion for stay pending appeal." That grant was not to be "construed in any way as a ruling on the merits" of the emergency motion.[1]

---

[1] The City fo Chicago, in its motion to intervene filed in the D.C. Circuit litigation, states that the FAA issued the ROD on September 29, 2005. It also states that the emergency petition for review, the emergency motion for a stay, and the motion to intervene were filed on

-3-

In the petition for review, the St. John's Plaintiffs and the Municipal Plaintiffs argued that the FAA action violates, inter alia, the First Amendment, the Fifth Amendment, Article III, the Religious Freedom Restoration Act ("RFRA"), the National Environmental Policy Act ("NEPA"), Section 4(f) of the Department of Transportation Act, Section 6(f) of the Department of the Interior Land and Water Conservation Fund Act, the National Historical Preservation Act ("NHPA"), and the Clean Air Act.[2] In their emergency motion for a stay, the petitioners alleged both irreparable harm and likely success on the merits. When discussing the possibility of success on the merits, the petitioners argued that the FAA's action violated RFRA and that the FAA improperly declined to address funding.

According to the D.C. Circuit's briefing schedule, briefing on any dispositive motions should be completed by November 14, 2005.[3] Before then, however, there are certain actions that can be taken in this Court to pare the current complaint down to four counts for relief:

## 1. Rest Haven Plaintiffs should voluntarily dismiss all counts they bring

Based on statements issued by both the FAA and the City of Chicago in July 2005, it appears that Rest Haven is no longer included in the final plans for the OMP. Given that Rest Haven is no longer affected by the OMP, the Rest Haven Plaintiffs should be willing to voluntarily dismiss all the counts of the complaint that they bring. This Court assumes that the

---

that date. That discrepancy is irrelevant for present purposes.

[2] In their complaint before this Court, Plaintiffs bring suit under, inter alia, the First Amendment, the Fifth Amendment, RFRA, NEPA, Section 4(f) of the Department of Transportation Act, and NHPA.

[3] The docket does not specifically state whether that deadline refers to motions on the petition for review or on the emergency motion for stay. In any event, nothing under the current D.C. Circuit case number will be briefed after November 14, 2005.

-4-

Rest Haven Plaintiffs are amenable to that conclusion, as they have not attempted to participate in the emergency stay litigation currently taking place in the D.C. Circuit.

If the Rest Haven Plaintiffs do voluntarily dismiss their claims, it would appear that this Court should dismiss with prejudice the following counts: V, IX, XIII, XV, and XVII. In addition, the Rest Haven plaintiffs should no longer be named plaintiffs with respect to the following counts: I, II, III, XVIII, XX, and XXI.

## 2. Mayor Daley should be dismissed

Plaintiffs have sued both the City and Mayor Daley. It is not clear that Mayor Daley is being sued in his official capacity. A plaintiff's failure to indicate whether a public official is being sued in his or her official capacity gives rise to a presumption that the suit is an official capacity suit, unless the pleading or proceedings demonstrate that the plaintiff actually seeks recovery from the official in his or her personal capacity. *See Stockley v. Jones*, 823 F.2d 1068 (7th Cir.1987). If Plaintiffs were allowed to sue Mayor Daley in his official capacity, they would essentially be suing the City twice for the same set of allegations. *See Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985) (suits against municipal agents in their official capacities are actually suits against the municipality); *see also Tabor v. City of Chicago*, 10 F.Supp.2d 988, 991 (N.D.Ill.,1998)(courts have routinely dismissed claims against municipal agents in such cases.). Therefore, Plaintiff's claim against Mayor Daley should be dismissed with prejudice.

## 3. Counts intended to halt progress before FAA action should be voluntarily dismissed:

As noted earlier, much of this complaint was drafted as a preemptive strike, intended to keep the City from acquiring land before the FAA completed its analysis and issued a decision.

In their complaint, Plaintiffs lay out what they view as the typical FAA approval process for a project like the OMP. According to Plaintiffs, the FAA is charged with making sure that any such project complies with a variety of federal statutes, such as the NHPA and the NEPA. The FAA reviews compliance when it is evaluating the project. By the time it issues an EIS and a ROD, the FAA has taken the federal statutes into account.

Much of the complaint focuses on how the acquisitions were set to happen before the FAA completed its process. By acquiring land before it received FAA approval, the City was alleged to violated federal statutes. By failing to take a more active role in prohibiting the land acquisition, the FAA was alleged to violate internal FAA regulations and orders. In order to prevent those alleged violations, the Plaintiffs drafted a complaint that focused on declaratory and injunctive relief.

Several counts requested relief in the form of declaratory judgments and injunctions prohibiting action until the FAA issued its decision. Now that the FAA has done so, these counts appear to be moot. The counts that appear to be moot are counts I, II, III, XIV, XV, XVI, XVII, XX, and XXI.

What remains? For the reasons set forth, only four counts, one set of plaintiffs, and one defendant appear to be viable part of this case. The remaining four counts are:

- Count IV: a §1983 claim against the City of Chicago for imposing a substantial burden on the St. John's Plaintiffs in violation of the Free Exercise clause.
- Count VIII: a claim against the City of Chicago, brought pursuant to both §1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), for violating the St. John's Plaintiffs rights under RLUIPA.
- Count XII: a §1983 claim against the City of Chicago for targeting the St. John's Plaintiffs in violation of the Free Exercise clause.
- Count XVIII: a §1983 claim against the City of Chicago for discriminating against St. John's Plaintiffs in violation of the Equal Protection clause.

In the D.C. emergency motion for a stay pending appeal, the counsel for the named Petitioners notes: "Counsel is aware of one case involving substantially the same parties and the same or similar issues pending in the Northern District of Illinois" and cites to the case before this Court. The only other reference to this case is footnote three in that same emergency motion: "Petitioners in this case filed an action in 2003 against the City and FAA in the United States District Court for the Northern District of Illinois to ensure that the City did not jump the gun and begin acquiring and destroying properties before FAA completed the ROD. By consent of the parties, the District Court issued an agreed order enjoining the City from doing just that until FAA issued a ROD. See Order (Tab 21). By properly seeking review of the FAA's decision under 49 U.S. C. §46110(c) in this Court, Petitioners do not waive any of the statutory, constitutional, or jurisdictional claims they have raised or may raise in the Illinois district court litigation against either the City or FAA."

Under 49 U.S. C. §46110, a person disclosing a substantial interest in an order issued by Administrator of the Federal Aviation Administration with respect to aviation duties and powers designated to be carried out by the Administrator may apply for review of the order by filing a petition for review in the United States Court of Appeals for the District of Columbia Circuit or in the court of appeals of the United States for the circuit in which the person resides or has its principal place of business. 49 U.S. C. §46110(a). That court has exclusive jurisdiction to affirm, amend, modify, or set aside any part of the order and may order the Administrator to conduct further proceedings. 49 U.S. C. §46110(c). After reasonable notice to the Administrator, the court may grant interim relief by staying the order or taking other appropriate

action when good cause for its action exists. *Id.* Findings of fact by the Administrator, if supported by substantial evidence, are conclusive. *Id.*

The complaint in this case sought to prohibit certain defendants from taking action before the FAA issued its decision and to prevent the FAA from acting in certain ways based upon the provisions of certain statutes and the constitution. The FAA has now acted and the parties appear to be raising the same issues as to the validity of those actions before this court and the D.C. Circuit. It would appear that the parties are proceeding in the proper forum (the D.C. Circuit) to contest the actions of the FAA. Therefore, all issues concerning the FAA should be dismissed in the proceeding here.

## Conclusion

For the foregoing reasons, this Court will issue a rule to show cause why the actions described in this memorandum should not be taken. All parties shall have until October 26, 2005 to respond in writing to the issues raised herein.

Enter:

David H. Coar
United States District Judge

Dated: 10/11/05